## UNITED STATES v. ONE DODGE COACH.
### No. 3327.

District Court, E. D. New York.
Feb. 16, 1938.

Harold St. L. O'Dougherty, U. S. Atty., of Brooklyn, N. Y. (J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Joseph G. Myerson, of New York City, for claimant.

BYERS, District Judge.

The claimant, C. I. T. Corporation, moves for an order directing the United States Government to pay to petitioner the amount of its lien and for further order that the mandate of the Circuit Court of Appeals of December 29, 1937, be made the order of this court. The question presented by the motion is of such practical scope that a brief statement thereof seems to be required.

The Government filed a libel of information on December 10, 1936, reciting the seizure on September 29, 1936, by investigators of the Alcohol Tax Unit of the above-described motor vehicle; that the latter became forfeit under the provisions of the applicable statutes, and sought a decree that it be condemned and sold pursuant to law.

On January 11, 1937, the claimant intervened and filed a claim and answer.

On April 14, 1937, a motion was made for a decree of forfeiture, which was granted on May 13, 1937.

There was a cross motion for remission and mitigation, which was denied at the same time. Thus the claimant sought advantage of the provisions of 27 U.S.C.A. § 40a, and failed.

By notice of appeal filed June 4, 1937, the matter was taken to the Circuit Court of Appeals, where the decree of this court was reversed (United States v. C. I. T. Corporation, 2 Cir., 93 F.2d 469), the date of the opinion being December 13, 1937.

The mandate was filed December 30, 1937, and contains the following: "It is hereby ordered, adjudged and decreed That the decree of said District Court be and it hereby is reversed with instructions to remit the forfeiture." Apparently no order on mandate has yet been signed.

The affidavit upon which the present motion is based recites that the automobile was appraised at $750.00 on September 29, 1936, the date of the seizure, and that its value on January 26, 1938, was $350.00; that the amount of the claimant's lien is $527.24 with interest from October 21, 1936.

The claimant seeks a direction that the Government pay to the petitioner the amount of its lien, pursuant to 40 U.S.C.A. §§ 304j, 304k.

Two affidavits have been filed in opposition; one recites: "That subsequent to the filing of the aforementioned decree of May 24, 1937, said car was delivered to the Treasury Department, Bureau of Internal Revenue, pursuant to said decree."

The date of the said delivery is not disclosed.

It is argued in that affidavit that the depreciation in value is due to the lapse of time and not to the use of the vehicle, and that there is no reason why the Government should pay to the claimant the amount of its lien; that the car is available and will be returned to the claimant upon the delivery of the order on mandate; that the latter ordered the forfeiture to be remitted but did not direct that the lien of the claimant be paid for by the Government.

A supplemental affidavit of February 11, 1938, contains an appraisal of the present value of the vehicle in the sum of $400.00. That figure is accepted for present purposes.

It thus appears that during the period of use, according to the Government's own figures, there has been a substantial depreciation in the value of the motor vehicle, and the question for decision is whether that depreciation must be visited upon the claimant or upon the Government.

It will be seen that, if the Government's position is sound, it would have the right to destroy completely the value of the property upon which the court has sustained the claimant's lien, because there is no difference in principle between a 100% depreciation and one, for instance, of 40%.

█ The decisions construing 27 U.S.C.A. § 40a are to the effect that, in administering the remedial purpose of the statute, considerations of justice are to control, in the light of all attendant circumstances.

█ It would seem clear that the law contemplates that there may be a depreciation of property seized, by reason of its use, and that, when restoration is to be made, the conditions prevailing at the time of seizure should govern, so far as that result can be legally accomplished.

Such seems to be the plain implication of 27 U.S.C.A. § 40a, subd. (d), having to do with the giving of a bond on the part of the claimant pending trial, the presently pertinent language being: "Such bond shall be conditioned to return such vehicle or aircraft at the time of the trial and to pay the difference between the appraised value of such vehicle or aircraft as of the time it shall have been so released on bond and the appraised value thereof as of the time of trial * * *."

The foregoing plainly means that, if a claimant bonds the vehicle and uses it pending the trial and, as a result of the latter, he is unsuccessful, he must not only return the vehicle but make good the deficiency in appraised value arising from its use by him.

If that rule is sound, it ought to work both ways and, if the Government uses property which it has seized, for its own convenience, the lien of a claimant upon that property should not be dissipated in whole or in part in the event that the claimant shall ultimately succeed.

The Government knew in this case on the 4th of June, 1937, that an appeal was being taken from the decree of forfeiture and, while the answering affidavit is silent as to the date of delivery of the car to the Treasury Department in reliance upon the decree of May 24, 1937, it is to be observed that the interval was only thirteen days between the decree and the notice of appeal. It is thought that, if the Government chose to disregard the legal possibility that the claimant might ultimately succeed in sustaining its lien and therefore in procuring a remission of the forfeiture to the extent thereof, it should not now be heard to assert that it is entitled to profit at the expense of the claimant to the extent of the depreciation shown by its own papers.

█ The claimant relies upon 40 U.S.C.A. § 304j, which treats of the appropriation available to an agency which has used property seized by the Government. Part of the language is that such appropriation "shall be available for the payment of expenses of operation, maintenance, and repair of property of the same kind received by it * * * for official use; for the payment of any lien recognized and allowed pursuant to law, and for the payment of all moneys found to be due any person upon the duly authorized remission or mitigation of any forfeiture * * *."

It thus appears that Congress has provided a means for the compensation of this claimant to the extent sought by this motion and, while it is true that the mandate of the Circuit Court of Appeals did not direct that

the lien of the claimant be paid by the United States Government, it is equally true that the mandate cannot be carried into effect unless some provision is made to compensate the claimant for the impairment of its lien; namely, the depreciation in value of the property to which the lien attaches, because not otherwise can the remission of the forfeiture to the extent of the claimant's lien be made effective.

■ The disposition of the motion therefore is as follows:

The mandate of the Circuit Court of Appeals for the Second Circuit, dated December 29, 1937, will be made the order of this court and, to the end that the said mandate may be carried into complete effect, the order may further provide that the remission of the forfeiture to the extent of the sum of $527.24 with interest from October 21, 1936, shall be made effective by the payment of that sum pursuant to the provisions of the Act of August 27, 1935, c. 740, § 305 (40 U.S.C.A. § 304j) in accordance with the prayer of the answer to the libel, filed by this claimant, either by ordering a public sale of the automobile and the payment by the Government of the deficiency, if any, so arising, between the amount due upon the claimant's lien, and the net amount to be received as the proceeds of the sale, or by such other adjustment as the parties may establish by consent.

Settle order.