**UNITED STATES**

v.

**ONE 1952 MODEL CHEVROLET COACH AUTOMOBILE, etc.**

**No. 26538.**

United States District Court
N. D. California, S. D.

Feb. 12, 1954.

Lloyd H. Burke, U. S. Atty., Richard C. Nelson, Asst. U. S. Atty., San Francisco, Cal., for libelant.

Sandford, Barry, Rankin & Leonard, San Francisco, Cal., for claimant-intervenor.

MURPHY, District Judge.

On June 16, 1953, the United States libeled respondent automobile on the ground that one Theodore Brandon, its registered owner, was then employing it in a violation of 26 U.S.C. § 3321(a). Pursuant to 26 U.S.C. § 3321(b), respondent is subject to forfeiture to the United States. Claimant, legal owner of respondent, intervened and petitioned the Court for remission or mitigation of the forfeiture.

A stipulation entered into between the United States and claimant establishes that claimant acted in good faith and after adequate investigation in transferring respondent to Brandon on a conditional sales contract. Claimant therefore properly appeals to the discretion of the Court for protection of his interest.

 As claimant's interest in respondent is substantially less than the appraised value, he is not entitled to remission but only to allowance of amounts due him in mitigation of the forfeiture. 18 U.S.C. § 3617(c); 40 U.S.C. § 304j.

This much is not seriously disputed; the only issue in this case arises from the fact that Brandon, for reasons best known to himself, made additional payments on his obligation to claimant after seizure of respondent. Claimant now cites the case of U. S. v. One Dodge Coach, D.C.E.D.N.Y.1938, 22 F.Supp. 204, for the proposition that conditions prevailing at the time of seizure should govern. Accordingly, he lays claim to $529.20, less costs, rather than to such lesser sum presently due him.

The law does not support claimant's contention. In the case cited by him, the Court of Appeals ordered the remission of the forfeiture after the United States had operated the seized vehicle for a period of eight months. United States v. C. I. T. Corp., 2 Cir., 93 F.2d 469. Under those circumstances, it was reasonable for the Government to account to the legal owner for the value of the use from which the Government had benefited. In the case at bar, the situation is quite different. Claimant has not in any way been harmed by the seizure. To accede in his demand would grant him a double recovery unwarranted in equity and beyond the statutory authorization.

 The Court finds that respondent was lawfully seized. Respondent will be forfeited to the United States and delivered to the seizing agency for use pursuant to law. The seizing agency shall pay to claimant such amounts presently due claimant under its contract with Brandon, less all costs and storage charges.

Let an order issue in accordance with this opinion.