Brigida JAEKEL, Plaintiff,

v.

The UNITED STATES of America and William P. Durkin, Regional Director, Bureau of Narcotics and Dangerous Drugs, Defendants.

No. 68 Civ. 4753.

United States District Court
S. D. New York.

Sept. 30, 1969.

———◆———

Bruce J. Ennis, Jr., Burt Neuborne, Edward F. Hayes, III, New York Civil Liberties Union, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, for defendants, Michael C. Silberberg, Asst. U. S. Atty., of counsel.

## MEMORANDUM

BONSAL, District Judge.

On November 9, 1966, following the arrest of plaintiff's daughter by Federal narcotics agents for an alleged violation of the Federal narcotics laws, plaintiff's 1964 Chevrolet Convertible (the automobile) was seized pursuant to 49 U.S.C. § 782.[1] Subsequent to her arrest, plaintiff's daughter was told that the automobile had been seized and to contact an attorney to learn her remedies for getting it back.

On November 10, 1966, the automobile was placed in storage and was subsequently appraised at $1750.00.

On November 14, 1966, plaintiff was interviewed at her home by narcotics agents and was then informed by them that her daughter had been arrested on a charge of unlawful sale of narcotic drugs and that her automobile had been seized for unlawful use to facilitate the sale of narcotic drugs. She was told to contact an attorney for information as to how she could get the car back.

Acting pursuant to 19 U.S.C. § 1607[2] and 26 C.F.R. § 153.4[3] (now 21 C.F.R. § 330.5), the District Supervisor of the

---

[1]. 49 U.S.C. § 782. Seizure and forfeiture

"Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited: *Provided,* That no vessel, vehicle, or aircraft used by any person as a common carrier in the transaction of business as such common carrier shall be forfeited under the provisions of this chapter unless it shall appear that (1) in the case of a railway car or engine, the owner, or (2) in the case of any other such vessel, vehicle, or aircraft, the owner or the master of such vessel or the owner or conductor, driver, pilot, or other person in charge of such vehicle or aircraft was at the time of the alleged illegal act a consenting party or privy thereto: *Provided further,* That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State."

[2]. 19 U.S.C. § 1607. Same; value $2,500 or less

"If such value of such vessel, vehicle, merchandise, or baggage returned by the appraiser does not exceed $2,500, the collector shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. For the purposes of this section and sections 1610 and 1612 of this title merchandise the importation of which is prohibited shall be held not to exceed $2,500 in value."

[3]. 26 C.F.R. § 153.4 Advertisement

"(a) If the appraised value does not exceed $2,500, the custodian shall cause a notice of the seizure and of the intention to forfeit and sell or otherwise dispose of the property to be published once a week for at least 3 successive weeks in a newspaper of general circulation in the judicial district in which the seizure occurred.

(b) The notice shall (1) describe the property seized and show the motor and serial numbers, if any; (2) state the time, cause and place of seizure; and (3) state that any person desiring to claim the property may, within 20 days from the date of first publication of the notice, file with the custodian a claim to the property and a bond with satisfactory sureties in the sum of $250."

Bureau of Narcotics placed an advertisement in the New York Post on November 22, 29, and December 6, 1966, which stated:

"TREASURY DEPARTMENT, BUREAU OF NARCOTICS

Notice is hereby given that on 11/9/66, one 1964 Chevrolet Impala Motor #41867T-245660, Serial # same, was seized in the City of New York for violation of the Act of August 9 1939, as amended (49 USC 781–788). Any person claiming an interest in said property must file with the District Supervisor, 90 Church St., New York, N. Y., 10007, a claim and cost bond in the sum of $250.00, with sureties to be approved by said District Supervisor, on or before December 12, 1966, otherwise the property will be disposed of according to law, George M. Belk, District Supervisor."

On December 9, 1966, the First National City Bank, mortgagee of the automobile, filed a petition for remission or mitigation of the forfeiture of the automobile in which it alleged a security interest of $1241.89.

On December 12, 1966, the automobile was forfeited to the United States in a summary administrative forfeiture proceeding, pursuant to 19 U.S.C. § 1609 [4] as no claims had been filed within the allotted period.

On or about February 20, 1967, the First National City Bank elected to have the automobile sold at auction, with the proceeds up to the security interest remitted to it. On March 4, 1967, the automobile was sold at public auction for $750.00, and, after deducting storage and advertising expenses, the United States remitted $645.00 to the First National City Bank, of which $500.00 was credited to plaintiff.

On November 8, 1968, plaintiff commenced this action against the United States and William P. Durkin, in his capacity as Regional Director, Bureau of Narcotics and Dangerous Drugs, seeking to declare, among other things, the administrative forfeiture of the automobile null and void, to recover damages in the amount of $5300.00 or, in the alternative, awarding damages against defendants in the amount of $3600.00 and directing defendants to return the automobile to plaintiff. Plaintiff alleges that the Federal agents who seized the automobile knew she was the owner and were aware of her address; that the notice by publication was inadequate, null, and void; that in fact she had no notice of the forfeiture proceeding; and that the administrative forfeiture proceeding deprived her of her property without due process of law. Jurisdiction is asserted under 28 U.S.C. § 1346(a)(2), and other sections.

Defendants move for summary judgment, dismissing the complaint for lack of subject matter jurisdiction. Plaintiff cross-moves for summary judgment for the relief requested in the complaint.

*Subject Matter Jurisdiction*

Plaintiff claims that the automobile was seized from her and forfeited pursuant to statutes of the United States and that the application of those statutes in her case deprived her of her property without due process of law. As a basis for jurisdiction, plaintiff principally relies on 28 U.S.C. § 1346(a)(2), the Tucker Act, which provides:

"§ 1346. United States as defendant

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\*　\*　\*　\*　\*　\*

(2) Any other civil action or claim against the United States, not exceed-

---

4. 19 U.S.C. § 1609. Same; summary of forfeiture and sale

"If no such claim is filed or bond given within the twenty days hereinbefore specified, the collector shall declare the vessel, vehicle, merchandise, or baggage forfeited, and shall sell the same at pub-

lic auction in the same manner as merchandise abandoned to the United States is sold, or otherwise dispose of the same according to law and shall deposit the proceeds of sale, after deducting the actual expenses of seizure, publication, and sale in the Treasury of the United States."

ing $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

■■ The langauge of § 1346(a) (2) would appear to encompass the plaintiff's claim against the United States which is founded on the seizure and forfeiture of her automobile pursuant to 49 U.S.C. § 782, 19 U.S.C. § 1607 and 19 U.S.C. § 1609, and requests an award less than $10,000.00. It is clear that § 1346(a) (2) does confer jurisdiction over claims against the United States, not exceeding $10,000.00, involving the application of a law of Congress. Compagnie General Transatlantique v. United States, 21 F.2d 465 (S.D.N.Y.1927), aff'd 26 F.2d 195 (2d Cir. 1928). Thus, where taxes, fines, or penalties are unlawfully imposed, an action may be maintained under § 1346 (a) (2) to recover the money. United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 35 S.Ct. 499, 59 L.Ed. 825 (1915); Compagnie General Transatlantique v. United States, *supra.*

■ Though defendants argue that a forfeiture is not a fine or penalty which may be recovered in an action under § 1346(a) (2), "A forfeiture is clearly a penalty for a criminal offense." Compton v. United States, 377 F.2d 408, 411 (8th Cir. 1967); One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); and defendants' argument for the proposition that a limitation should be read into the language of § 1346(a) (2) to exclude forfeitures is not persuasive.

■ The Court of Claims, which has concurrent jurisdiction with the District

Court under the Tucker Act, 28 U.S.C. § 1491,[5] stated recently:

"The claim must, of course, be for money. Within that sphere, the non-contractual claims we consider under Section 1491 can be divided into two somewhat overlapping classes * * *. In the first group (where money or property has been paid or taken), the claim must assert that the value sued for was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." Eastport Steamship Corporation v. United States, 372 F.2d 1002, 1007, 178 Ct.Cl. 599 (1967).

Plaintiff's claim that the forfeiture proceeding deprived her of her property without due process of law comes within § 1491 as interpreted by the Court of Claims.

■■ The fact that the automobile is a chattel and not in the possession of the United States is irrelevant to the issue of jurisdiction in light of the language in *Eastport, supra,* quoted above. Her claim is for the value of her property improperly taken from her as a result of the forfeiture. The nature of the forfeiture proceeding which 19 U.S.C. § 1607 prescribes is solely dependent upon the "domestic value" of the automobile, that is, the " * * * price at which such or similar property is freely offered for sale." 26 C.F.R. § 153.3 (now 21 C.F.R. § 330.4). Compare 19 U.S.C. §§ 1607 with 19 U.S.C. § 1610. In accord with 26 C.F.R. § 153.3, the automobile was appraised at $1750.00 which presents a readily determinable value of the automobile, even though the defendants, having sold it, no longer are in possession of it. As such, there is no necessity for the court to engage in the valuation of the property forfeited in this case.

5. 28 U.S.C. § 1491. Claims against the United States generally

"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States:

(1) Founded upon the Constitution; or

(2) Founded upon any Act of Congress; or

(3) Founded upon any regulation of an executive department; or

(4) Founded upon any express or implied contract with the United States; or

(5) For liquidated or unliquidated damages in cases not sounding in tort."

Defendants argue that remission of the funds to the First National City Bank renders plaintiff's claim moot. However, that contention was *sub silentio* rejected in the case of Ramsey v. United States, 329 F.2d 432 (9th Cir. 1964). In that case, the Ninth Circuit held that the District Court could properly entertain Ramsey's claim that the forfeiture was void even though remission had been made. The defendants seek to distinguish *Ramsey* on the ground that the United States retained the balance of the proceeds after remission, whereas here there was no excess over the amount remitted to the First National City Bank. There was no excess because the government sold plaintiff's automobile, appraised at $1750.00, for $750.00. Certainly the jurisdiction of the District Court to entertain a claim that the forfeiture itself was void cannot depend on the amount which the government receives from auctioning off the forfeited property. Likewise, the amount of the security interest, also affecting the amount of the excess, if any, cannot be determinative of the jurisdictional issue. The plaintiff's automobile was appraised at $1750.00. The defendants' actions in disposing of it and remitting the proceeds to a third party, taken after the forfeiture proceeding, cannot deprive this court of jurisdiction to hear plaintiff's claim that the forfeiture itself was void.

Defendants further argue that plaintiff is seeking damages which sound in tort. Plaintiff does not claim that the seizure of the automobile was tortious, however. Rather, plaintiff asserts that the application of the statutes against her deprived her of her property without due process of law. Whatever the measure of damages may be, and whether or not the type of damages recovered "sound in tort," the restriction in the fourth clause of § 1346(a) (2) against cases sounding in tort is " * * * in terms referable only to the fourth class of cases," Dooley v. United States, 182 U.S. 222, 224, 21 S.Ct. 762, 763, 45 L.Ed. 1074 (1901), and does not restrict the type of damages recoverable under the first class of cases.

Since plaintiff claims that she did not receive constitutionally adequate notice of the forfeiture proceeding and that, in fact, she received no notice of it at all, it is clear that her failure to resort to the forfeiture proceeding (filing with the custodian a claim to the property and a bond with satisfactory sureties in the sum of $250.00 within twenty days from the date of first publication of notice under 26 C.F.R. § 153.5 (now 21 C.F.R. § 330.6)) cannot be taken to deprive this court of jurisdiction to entertain plaintiff's constitutional argument. The cases which defendants cite are not authority for their contention that a claimant waives his interest in seized property by failing to invoke a remedy of which he has no knowledge, because, in each case claimant apparently had actual notice of the existence of the forfeiture proceeding, and decisions holding that the District Court has no jurisdiction to remit a forfeiture can have no application where the forfeiture itself was void. Accordingly, this court has jurisdiction to entertain plaintiff's claim that the forfeiture deprived her of her property without due process of law.

*Adequacy of Notice*

Plaintiff contends that the regulations promulgated by the Secretary of the Treasury, 26 C.F.R. § 153.1, et seq. (now 21 C.F.R. § 330.1, et seq.), are inconsistent with the statute, 19 U.S.C. § 1607, in that the statute provides for notice to be " * * * published for at least three successive weeks * * * " while the regulations, 26 C.F.R. § 153.4 (now 21 C.F.R. § 330.5), provide for notice to be " * * * published once a week for at least three (3) successive weeks * * " It is unnecessary to decide this issue, however, as plaintiff raises more serious objection to the notice in this case than to the Secretary's interpretation of the statute.

Plaintiff contends that the notice by publication in this case was constitutionally inadequate to give her suf-

ficient notice of the forfeiture proceeding in which she was deprived of her property. Notice by publication may, under certain circumstances, be sufficient if the publication will actually inform someone of action to be taken with respect to that person's property. Mullane v. Central Hanover Tr. Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). However, " * * * notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." Schroeder v. City of New York, 371 U.S. 208, 212–213, 83 S.Ct. 279, 282, 9 L.Ed. 2d 255 (1962).

The defendants do not deny that they had plaintiff's name and address. Rather, they contend that the notice of the seizure which they conveyed both to plaintiff and her daughter was sufficient, in addition to the publication, to convey a warning to her that her property was in jeopardy. But oral notice of the seizure and advice to contact an attorney for information as to how to get the automobile back did not give plaintiff notice of the forfeiture proceeding which deprived plaintiff of her property. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties *of the pendency of the action* and *afford them an opportunity to present their objections.*" Mullane, *supra,* 339 U.S. at 314, 70 S.Ct. at 657 (Emphasis added).

Where the defendants had plaintiff's name and address and where giving personal notice of the forfeiture proceeding would have caused defendants no additional inconvenience, the court finds that the notice to plaintiff was not sufficient and that the forfeiture proceeding was void as it deprived plaintiff of her property without the due process of law required by the Fifth Amendment.

Having set a value on plaintiff's automobile, based upon its retail sales value at the time of the seizure, the United States is liable to plaintiff for that value, under § 1346(a) (2), less the $645.00 which defendants have remitted to the First National City Bank.

Defendants' motion for summary judgment dismissing the action is denied; plaintiff's cross-motion for summary judgment, declaring the forfeiture proceeding null and void, and awarding her damages in the amount of $1105.00 is granted.

Settle judgment on notice.