**UNITED STATES of America, Libelant-Appellee,**

v.

**Eugene WAGNER, Respondent-Appellant.**

**No. 23766.**

United States Court of Appeals, Ninth Circuit.

Nov. 25, 1970.

Robert G. White (argued), of Glad & Tuttle, Los Angeles, Cal., for appellant.

Philip Malinsky (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Larry L. Dier, Frederick M. Brosio, Jr., Asst. U. S. Attys., Chief of Civil Division, Los Angeles, Cal., for appellee.

Before BROWNING, CARTER and KILKENNY, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

Wagner was charged by "libel of information" with importing certain orthopedic devices by means of false statements on invoices in violation of 19 U.S.

C. §§ 1481, 1484, and 1485. The Government alleged that, as a result of these violations, the devices should be forfeited pursuant to 19 U.S.C. § 1592. The district court granted the forfeiture. We affirm.

Wagner was a dealer in orthopedic devices. In the past, he had purchased certain "artificial knees" from a manufacturer in Soviet Occupied [East] Germany for importation into the United States. Wagner paid the appropriate tariff, but had substantial difficulty in selling the devices because of the mandatory labeling that disclosed their country of origin. Thereafter, Wagner conceived and implemented a plan whereby certain manufacturing functions would be performed in East Germany, after which the devices would be sent to Switzerland for further processing and assembly, and finally imported to the United States. It was Wagner's purpose to have sufficient work performed on the devices in Switzerland to entitle him to declare Switzerland as their country of origin. The devices in question were processed according to Wagner's plan, and were labeled and invoiced for importation with Switzerland as the declared country of origin. The Government filed a libel of information alleging that East Germany should have been declared as the country of origin and, accordingly, that Wagner had made false statements on the importation invoices and in the labeling of the devices.

The term "country of origin" is defined in 19 C.F.R. § 11.8(c), which provides:

"The country of manufacture or production shall be considered the country of origin. Further work or material added to an article in another country must effect a substantial transformation in order to render such other country the 'country of origin' within the meaning of this section."

■ After reviewing the evidence and examining the nature and extent of manufacture that was performed in the respective countries, the district court made the following findings of fact:

"5. The 300 artificial knees * * * were still essentially the same devices after work had been performed on them in Switzerland."

"6. None of the work performed on the 300 artificial knees in Switzerland was a substantial transformation of them as would render them products of Switzerland."

Wagner argues on appeal that the record does not support these findings. After reviewing the record, we cannot determine that the court's findings were clearly erroneous. Lundgren v. Freeman (9 Cir. 1962), 307 F.2d 104.

Wagner also argues that the district court erred by failing to find an *intent* to violate the law. The court made the following finding:

"7. The claimant made false statements in the entry papers which supported the entry of the 300 knees into the commerce of the United States without reasonable cause to believe the truth of such statements."

Wagner cites this circuit's decision in Jen Dao Chen v. United States (9 Cir. 1967), 385 F.2d 939, for the proposition that "knowing intent" to violate the law is a prerequisite to forfeiture under 19 U.S.C. § 1592. The Government contends that *Chen* is in conflict with other decisions of this circuit in United States v. Andrade, (9 Cir. 1950), 181 F.2d 42, and United States v. Bride (9 Cir. 1962), 308 F.2d 470. *Andrade* and *Bride* hold that the innocence of the claimant of a vehicle used in certain illegal pursuits is not a valid defense to forfeiture.

We find no conflict in those decisions. Here the proceedings for forfeiture were pursuant to 19 U.S.C. § 1592. In *Andrade*, the transactions involving the car were in violation of 26 U.S.C. §§ 2553 and 2557 and 21 U.S.C. § 174. The forfeiture proceedings were pursuant to 49 U.S.C. §§ 781 and 782 and 19 U.S.C. § 1615. In *Bride*, the automobiles were used in violation of 26 U.S.C. §§ 4411 and 4412, and the forfeiture proceedings were pursuant to 26 U.S.C. § 7302.

*Chen* was a proceeding under 19 U.S.C. § 1592, as is the case here, and does not

cite either *Andrade* or *Bride*. *Chen* can be limited to its facts involving the agency relation therein described.

Even without limiting *Chen* to its particular facts, it is clear there is no conflict between *Chen* and the instant case. In *Chen*, Judge Pope stated:

> "We are of the opinion that § 1592 does make intent to use fraudulent means essential to forfeiture. It refers to one who 'makes any false statement in any declaration * * * without reasonable cause to believe the truth of such statement * * *" [385 F.2d at 942].

Although we might view Judge Pope's adoption of the term "intent" as being somewhat awkward in this context, it is nevertheless clear that the court equated this requisite "intent" with the "reasonable cause to believe" formulation of § 1592. In the instant case, the court's finding carefully followed this statutory language and, therefore, is consonant with our decision in *Chen*. We find that the factual determination, that Wagner was without reasonable cause to believe the truth of his declaration, was not clearly erroneous.

The judgment of the district court is affirmed.