UNITED STATES of America, Plaintiff-Appellant, Plaintiff-Cross-Appellee,

v.

ONE 1965 CHEVROLET IMPALA CONVERTIBLE, Defendant-Appellee, Defendant-Cross-Appellant.

UNITED STATES of America, Plaintiff-Appellant, Plaintiff-Cross-Appellee,

v.

ONE 1967 PONTIAC BONNEVILLE CONVERTIBLE, etc., Defendant-Appellee, Defendant-Cross-Appellant.

Nos. 72–1691, 72–1692, 72–1694 and 72–1695.

United States Court of Appeals, Sixth Circuit.

March 22, 1973.

Frederick M. Coleman, U. S. Atty., Toledo, Ohio, on brief for plaintiff-appellant.

Harland M. Britz, Toledo, Ohio, for defendants-appellees and cross appellants.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

CELEBREZZE, Circuit Judge.

These are appeals from the District Court's orders granting in part the motions by the respective owners of the named automobiles seeking an order which would require the Government to compensate them for the value of depreciation of the automobiles from the time they were seized until the time the one was ordered returned to the owner and the other was ordered sold. The Government cross-appeals, contending that no compensation for depreciation can be

allowed. The cases have been consolidated for appeal by agreement and motion of the parties.

The first case involves a 1965 Chevrolet Impala convertible which was seized for forfeiture on October 22, 1966, from its owner, Robert E. Dombkowski, by special agents of the Intelligence Division of the Internal Revenue Service. Pursuant to 26 U.S.C. § 7302, the automobile was forfeited by court order on September 18, 1968, upon a finding that it had been used in violation of the Internal Revenue wagering tax laws, 26 U.S.C. §§ 4411, 4412, 4901, and 7262. While the owner's appeal from this judgment was pending, the Government moved for the sale of the automobile pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims, F.R.C.P., 28 U.S.C. The District Court granted the Government's motion, and the automobile was sold on April 17, 1969.

On October 26, 1971, in light of the Supreme Court's decision in United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L. Ed.2d 434 (1971), the District Court entered an order vacating the earlier judgment of forfeiture and directing that Dombkowski be paid the net proceeds from the sale of the automobile.

Dombkowski thereafter filed the present motion for an order requiring the Government to reimburse him *inter alia*,[1] for the value of depreciation of the automobile from the time of its seizure until the time of its sale. The District Court directed that Dombkowski be reimbursed for depreciation from September 18, 1968, the date of the forfeiture, to April 17, 1969, the date of the sale. The Court, however, disallowed any reimbursement for depreciation from the date of the seizure to the date of the forfeiture.

In the second case, a 1967 Pontiac Bonneville convertible was similarly seized on October 22, 1966, from its owner, William P. Scott, Jr., and forfeited pursuant to a court order of September 18, 1968, because of its use in violation of the wagering tax laws. On November 19, 1971, again relying on the Supreme Court's decision in United States v. United States Coin and Currency, *supra*, the District Court ordered the automobile returned to Scott.

Scott subsequently filed the present motion requesting that the Government be required to reimburse him for the value of depreciation of the automobile from the date of its seizure until the date on which it was ordered returned to him. The District Court ordered the Government to reimburse Scott for depreciation from September 18, 1968, the date of the forfeiture, to November 19, 1971, the date on which the automobile was ordered returned, but again disallowed any reimbursement for depreciation from the date of the seizure to the date of the forfeiture.

In requiring the Government to reimburse the owners for depreciation from the date of the forfeiture to the dates on which the automobiles were sold or ordered returned, the District Court reasoned that Congress had authorized the payment of such claims under 40 U.S.C. § 304j, which makes agency appropriations available "for the payment of all moneys found to be due any person upon the duly authorized remission or mitigation of any forfeiture." Determining that this provision could not be construed as appropriating funds for pre-forfeiture depreciation, the Court concluded that Congress had failed to authorize the payment of such claims.

The District Court's resort to 40 U.S.C. § 304j, appears to have been based on United States v. One Dodge Coach, 22

---

1. The motion also sought reimbursement for storage costs and expenses, totalling $486.-60, which were deducted from the sale proceeds. The Government has not raised as an issue on appeal that portion of the District Court's order directing that Dombkowski be reimbursed for these costs and expenses.

F.Supp. 204 (E.D.N.Y.1938), wherein Section 304j was recognized as authorization for the claim of a lienholder, as intervenor in a forfeiture proceeding, seeking an order requiring the Government to pay the owner the amount of the lien on the forfeited automobile. Without deciding whether Section 304j might be construed as authorizing such claims against the Government absent a more direct statutory authorization, we conclude that in Section 1346(a)(2) of the Tucker Act, 28 U.S.C. § 1346(a)(2) —enacted some 10 years after the decision in *One Dodge Coach*—Congress has directly provided for these claims against the Government relative to the unlawful forfeitures. *See* United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353, 1356–1357 (5th Cir. 1972); Jaekel v. United States, 304 F. Supp. 993 (S.D.N.Y.1969).

Section 1346(a)(2) vests in the federal district courts original jurisdiction, concurrent with the Court of Claims, for

> "Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

In Jaekel v. United States, *supra*, the Court concluded that Section 1346(a)(2) afforded it subject matter jurisdiction for a suit to recover the value of an automobile seized and forfeited without adequate notice to the owner, depriving her of her property without due process of law. We quote the relevant portion of the *Jaekel* opinion:

> "The language of § 1346(a)(2) would appear to encompass the plaintiff's claim against the United States which is founded on the seizure and forfeiture of her automobile pursuant to 49 U.S.C. § 782, 19 U.S.C. § 1607 and 19 U.S.C. § 1609, and requests an award less than $10,000.00. It is

clear that § 1346(a)(2) does confer jurisdiction over claims against the United States, not exceeding $10,000.-00, involving the application of a law of Congress. Compagnie General Transatlantique v. United States, 21 F.2d 465 (S.D.N.Y.1927), aff'd 26 F. 2d 195 (2d Cir. 1928). Thus, where taxes, fines, or penalties are unlawfully imposed, an action may be maintained under § 1346(a)(2) to recover the money. United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 35 S.Ct. 499, 59 L.Ed. 825 (1915); Compagnie General Transatlantique v. United States, *supra.*

> "Though defendants argue that a forfeiture is not a fine or penalty which may be recovered in an action under § 1346(a)(2), 'A forfeiture is clearly a penalty for a criminal offense.' Compton v. United States, 377 F.2d 408, 411 (8th Cir. 1967); One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed. 2d 170 (1965); and defendants' argument for the proposition that a limitation should be read into the language of § 1346(a)(2) to exclude forfeitures is not persuasive." 304 F.Supp. at 997 (footnote omitted).

More recently, in United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353 (5th Cir. 1972), the Court of Appeals for the Fifth Circuit, citing the above-quoted portion of the *Jaekel* opinion, held that Section 1346(a)(2) provides the proper remedy for a claimant seeking the return of an automobile forfeited under 26 U.S.C. § 7302 for use in violation of the wagering tax laws when the forfeiture was unlawful in light of United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). Indeed, in *One 1961 Red Chevrolet Impala Sedan* the Government conceded that Section 1346(a)(2) was the proper remedy for such a claim, as anticipated by the Supreme Court in *United States Coin and Currency.* *See* 401 U.S. at 723–724, 91 S.Ct. 1041; 457 F.2d at 1355–1356.

We conclude that the Tucker Act, 28 U.S.C. § 1346(a)(2), rather than 40 U.S.C. § 304j, provides the jurisdictional basis for the present claims against the Government for the value of the depreciation of the automobiles.[2] Under the Supreme Court's ruling in United States v. United States Coin and Currency, *supra*, the seizures and forfeitures in these cases were in contravention of the owners' Fifth Amendment rights, giving rise to the present claims as authorized under Section 1346(a)(2).

With respect to the Government's appeal, we reject the contention that no allowance should have been made for depreciation. Under the Government's position, the value of the forfeited property could, due to the mere passage of time, decline 50% or 100% and this depreciation would be borne by the owner, notwithstanding a subsequent determination that the forfeiture was void. *Cf.* United States v. One Dodge Coach, *supra*, 22 F.Supp. at 205. This result would, in effect, nullify the Supreme Court's retroactive application of the *Marchetti-Grosso* rule in *United States Coin and Currency* by imposing an irredeemable penalty on owners of depreciable property which was forfeited prior to that decision. We therefore hold that the District Court properly ordered the Government to reimburse the owners for the value of depreciation from the date on which the automobiles were seized to the dates on which they were sold or ordered returned.

Turning to the cross-appeal, we agree with the owners' contention that they are entitled to the value of depreciation occurring between the date of the seizures and the date on which the judgments of forfeiture were entered. Unlike 40 U.S.C. § 304j upon which the District Court relied, 28 U.S.C. § 1346(a)(2) contains no language which might be construed as restricting the present claims for the value of depreciation to depreciation which occurred after the date on which the judgments of forfeiture were entered. *Accord* Jaekel v. United States, *supra*, 304 F.Supp. at 999 (holding the Government liable for the value of an automobile's depreciation from the date of seizure). No less than the value of the post-forfeiture depreciation, the value of the depreciation occurring between the seizures and the forfeitures—a period of nearly two years—constitutes a penalty, the exaction of which was constitutionally impermissible under *United States Coin and Currency*.[3]

2. Because of the status of these cases before the District Court, we believe the Court properly received the present motions rather than requiring the owners to file new complaints under Section 1346(a)(2). Pursuant to an order of this Court dated June 24, 1971, the original forfeiture actions under 26 U.S.C. § 7302 were before the District Court on remand in light of United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). In its orders of October 26, 1971, and November 19, 1971, respectively, vacating the forfeiture judgments, the District Court ordered that the proceeds of the sale of the Chevrolet be paid to Dombkowski and that the Pontiac be returned to Scott—thus granting in part the relief which might otherwise have been sought in separate suits under Section 1346(a)(2). To have required the owners to file new actions under Section 1346(a)(2) in order to assert their claims for the value of depreciation, said claims being based on the same legal and factual premises as the above orders, would have placed an unreasonable burden on the owners and the courts. Compare United States v. One 1961 Red Chevrolet Impala Sedan, 457 F.2d 1353 (5th Cir. 1972), wherein the Court held that a separate action under Section 1346(a)(2), rather than a motion pursuant to Rule 60(b)(4), F.R.Civ.P., under the original forfeiture proceeding, was required where no aspect of the forfeiture proceeding was still pending in the court.

3. We find no merit in the Government's argument that 28 U.S.C. § 2465 (providing that a successful claimant in a condemnation or forfeiture proceeding shall not be entitled to costs) prohibits a court from requiring the Government to reimburse an owner for any depreciation of his forfeited automobile, and particularly for depreciation occurring between the seizure and the forfeiture when the forfeiture is

We affirm that portion of the judgment of the District Court which directs the Government to reimburse the owners for the value of the post-forfeiture depreciation but remand the cases with instructions that the Government also be directed to reimburse the owners for the value of depreciation occurring between the date of the seizures and the date on which the forfeiture judgments were entered.

later declared void. We understand "costs" under Section 2465 to include court costs and costs incident to the seizure. *See* United States v. One 1949 G.M.C. Truck, 104 F.Supp. 34 (E.D.Va. 1950). In the present cases the owners seek not "costs" under Section 2465, but the value of the property itself at the time it was seized.