**Yale SIMONS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 71-2263.**

United States Court of Appeals,
Ninth Circuit.

July 19, 1973.

A. Alexander Katz, Phoenix, Ariz. (argued), for plaintiff.

Michael B. Scott (argued), William C. Smitherman, U. S. Atty., N. Warner Lee,

Asst. U. S. Atty., Phoenix, Ariz., for defendant.

Sheldon Mitchell, American Civil Liberties Union, Phoenix, Ariz., for amicus curiae.

OPINION

Before CARTER and HUFSTEDLER, Circuit Judges, and PREGERSON,\* District Judge.

JAMES M. CARTER, Circuit Judge (dissenting):

The majority has made the following order:

"The cause is remanded to the district court for the limited purpose of its answering the following question:

"In dismissing the 'petition' for lack of jurisdiction, did the court deem the 'petition' theretofore amended to state a claim under the Tucker Act (28 U.S.C. § 1346(a)(2)), as requested by petitioner-plaintiff in his memorandum filed March 17, 1971?"

The order is an exercise in futility. The majority is apparently intrigued by the prospect of a constitutional attack on the present statutes governing forfeiture of automobiles.

The appellant filed in the United States District Court a "petition" for a remission of forfeiture of an automobile. The United States was named as respondent. Appellant was not a party to the security agreement on the car but was an accommodation endorser of a promissory note. Later, after paying off the note, he claimed to be subrogated to the title to the car.

The district court, on the Government's motion, dismissed the action for lack of jurisdiction.

The petitioner in a reply memorandum in the district court had requested the pleading be amended to show reliance on the Tucker Act, 28 U.S.C. § 1346(a)(2). No motion, as such, was made to amend

---

\* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

\* Honorable Harry Pregerson, United States District Judge, Central District of California, sitting by designation.

the "petition". He urges here jurisdiction under that Act to support his claim.

The district court correctly dismissed for lack of jurisdiction. Unlike most forfeiture cases, the Government is not the plaintiff.

We need not determine now, or when the case comes back to us, whether the court relied upon the Tucker Act, 28 U.S.C. § 1346, for dismissal of the action. Under the law of this Circuit, even where the Government is the plaintiff in the action, obviating any problem of the right to sue the Government under the Tucker Act, our cases squarely hold that there is no jurisdiction in the court to grant the relief requested. United States v. Andrade (9 Cir. 1950), 181 F.2d 42; United States v. Bride (9th Cir. 1962), 308 F.2d 470, 474, and United States v. One 1967 Ford Mustang (9 Cir. 1972), 457 F.2d 931. *See* United States v. Wagner (9 Cir. 1970), 434 F.2d 627.

There are cases in other circuits which hold that the Tucker Act, 28 U,S.C. § 1346, provides jurisidction for an action against the Government to mitigate a forfeiture. United States v. One 1961 Red Chevrolet Impala Sedan (5 Cir. 1972), 457 F.2d 1353 (Tucker Act jurisdiction conceded by the Government); Menkarell v. Bureau of Narcotics (3 Cir. 1972), 463 F.2d 88, and Jaekel v. United States (S.D.N.Y.1969), 304 F.Supp. 993. We can find none in the Ninth Circuit.

Even if the district court, in answer to the question posed to it in the order, states that it deemed the petition amended to state a claim under the Tucker Act, we would still have to affirm under the authorities above, or take the case in banc to overrule them.

This is the poorest possible case for an in banc hearing. The petition was one for remission of forfeiture in the form ordinarily filed with the proper administrative agency. Contrary to Rule 11, Fed. Rules of Civil Procedure, neither the "petition" nor the "amended petition" was signed by an attorney. No motion, as such, was made to amend.

There is a serious question as to petitioner's standing to contest the forfeiture. He was not a party to the security document under which the car was financed. He was only a guarantor of a promissory note. Petitioner complains of lack of notice of the forfeiture proceedings. The Government should not be required to make a title search to ascertain whether someone, not a party to a security agreement on a car under forfeiture proceedings, should receive notice of those proceedings.

In United States v. One 1967 Ford Mustang, *supra*, Judge Ely rejected a constitutional attack on forfeiture procedures and after citing cases stated, "We are not convinced that we should undertake to breach or hurdle the foregoing wall of authority. Nor, we think, can we override the authority which Congress has delegated to the Attorney General in respect to remission proceedings in cases like these." 457 F.2d at 932.

The judgment should be affirmed and the case put to rest.