**UNITED STATES of America**

v.

**Steven A. SILVERS.**

**Criminal No. Y–87–0144.**

United States District Court,
D. Maryland.

July 25, 1996.

Lynne A. Battaglia, United States Attorney for the District of Maryland, Richard C. Kay, Assistant United States Attorney, Baltimore, for Government.

Gerald C. Ruter, Baltimore, for Defendant.

## MEMORANDUM

MALETZ, Senior Judge.[1]

Currently pending before the court is the motion of the defendant, Steven A. Silvers, for the return of property pursuant to 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 41(e). For the reasons set forth below, that motion will be denied.

On July 19, 1995, Mr. Silvers filed a motion for return of property, to wit: a home located at 3756 NE 166th Street, North Miami Beach, Florida ("the home"). On February 2, 1988, a jury found Mr. Silvers guilty of (1) conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, (2) operating a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848, (3) three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841, (4) two counts of interstate travel in violation of 18 U.S.C. § 1952 and (5) conspir-

acy to defraud the United States in violation of 18 U.S.C. § 371. Mr. Silvers' conviction under 21 U.S.C. § 846 was vacated by the court as a lesser included offense of the CCE conviction. *Rutledge v. United States,* — U.S. ——, 116 S.Ct. 1241, 1247, 134 L.Ed.2d 419 (1996).

Although criminal forfeiture under 21 U.S.C. § 853 is available as a punishment for each of the Title 21 violations, it was included only in the count of the indictment alleging the CCE violation. It was not included in any of the other counts of the indictment.

On June 2, 1995, the court vacated Mr. Silvers' CCE conviction. *United States v. Silvers,* 888 F.Supp. 1289 (D.Md.1995). The court vacated the CCE conviction on the ground that the government made use of the testimony of a cooperating witness, John Gerant, whom it knew or should have known, at the time of trial, was presenting perjured testimony about his level of cooperation with the government. *Id.* at 1301–02. The court reinstated the previously vacated conviction for conspiracy to distribute cocaine. *Id.* at 1306–08; *see Rutledge,* — U.S. at ——, 116 S.Ct. at 1250.

After his CCE conviction had been vacated, Mr. Silvers filed the pending motion for return of the home. The parties agree that the government is no longer in possession of the home. It was deeded to the Hollywood Federal Savings & Loan pursuant to an order of the court on October 25, 1988. Mr. Silvers claims that in the absence of the return of the home, he should be awarded the monetary value of the home at the time of the seizure.

Criminal forfeiture is "an aspect of punishment imposed following conviction of a substantive criminal offense." *Libretti v. United States,* — U.S. ——, ——, 116 S.Ct. 356, 363, 133 L.Ed.2d 271 (1995). Criminal forfeiture is governed by procedural safeguards which do not attend other aspects of the punishment imposed by the criminal code. First, Rule 7(c)(2) of the Federal Rules of Criminal Procedure provides that "[n]o judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the

---

**1.** Of the United States Court of International Trade, sitting by designation.

**704**

information shall allege the extent of the interest or property subject to forfeiture." Moreover, under Rule 31(e) of the Federal Rules of Criminal Procedure, "a special verdict shall be returned as to the extent of the interest or property subject to forfeiture, if any."

Mr. Silvers contends that since the only conviction on a count of the indictment which included a claim for criminal forfeiture has been vacated, the forfeiture must be vacated. Mr. Silvers aims at a strawman because the property was never the subject of criminal forfeiture.[2] Rather, the record reflects that the government brought a parallel proceeding for civil forfeiture under 21 U.S.C. § 881 against the home *in rem* under the case number Y–87–901. As part of that proceeding, Mr. Silvers requested on July 10, 1987 that the home be sold in order to enable him to pay "reasonable and legitimate attorney's fees". That sale was approved by the court on May 6, 1988. On October 25, 1988, the court modified the order approving the sale of the home.

As amended, the court ordered that the home be released to the Hollywood Federal Savings & Loan Association in return for the payment of $2,500 to the United States Marshal. The home was to be auctioned, with the proceeds to be applied first to the lien held by the Hollywood Federal Savings & Loan Association, next to the lien held by the Amerifirst Federal Savings and Loan Association, next to pay the Marshal's costs and fees in maintaining the property and finally into a fund administered by the court which would be used to pay the reasonable attorney's fees of Mr. Silvers.

Mr. Silvers now claims that the government is liable for the depreciation of the home between the time of seizure and the time of sale. He contends that the amount of this depreciation was between $80,000 and $100,000. The government counters (1) that there was no depreciation and (2) even if there were depreciation, the government is not liable. The court need not resolve the issue of whether the home depreciated during the time in which it was in the possession of the government, because, as a matter of law, the government is not responsible for any such depreciation.

As a preliminary matter, the court notes that jurisdiction in this matter is questionable. Title 28 U.S.C. § 1346 provides for jurisdiction in the district courts where the United States is a defendant. Section 1346(a)(2), the Little Tucker Act, provides for concurrent jurisdiction between the district court and the United States Court of Federal Claims for actions not sounding in tort and not exceeding $10,000. Section 1346(b) provides for jurisdiction over tort claims against the federal government, subject to the provisions of the Federal Tort Claims Act. Mr. Silvers has lodged a claim for more than $10,000 in depreciation and has not followed the procedures required by the Federal Tort Claims Act. However, the court need not resolve these jurisdictional questions where the law clearly establishes that the government is not liable, thereby making resolution of these issues moot. *Norton v. Mathews,* 427 U.S. 524, 530–31, 96 S.Ct. 2771, 2774–75, 49 L.Ed.2d 672 (1976).

In *United States v. One 1979 Cadillac Coupe De Ville,* 833 F.2d 994, 997 (Fed.Cir. 1987), the claimant contended that the government was liable for the depreciation of his car between the time that the government seized the vehicle and the time that he prevailed in showing that the car was not subject to forfeiture. The claimant contended that having prevailed on the question of forfeiture, he was entitled not only to the return of his property, but also the depreciation under 28 U.S.C. § 2465. *Id.* at 998. Section 2465 provides:

> Upon the entry of judgment for the claimant in any proceeding to condemn or forfeit property seized under any Act of Congress, such property shall be returned forthwith to the claimant or his agent; but if it appears that there was reasonable cause for the seizure, the court shall cause a proper certificate thereof to be entered and the claimant shall not, in such case, be entitled to costs, nor shall the person who

---

**2.** In fact, the court never included a finding of criminal forfeiture in its original judgment and commitment order, as required by Federal Rule of Criminal Procedure 32(d)(2).

made the seizure, nor the prosecutor, be liable to suit or judgment on account of such suit or prosecution.

The court held that section 2465 provides a successful claimant only the return of his property, not the depreciation of the asset during the time it was in the control of the government. "If Congress had intended the government not only to return the seized property but also to make the claimant whole for any depreciation in the value the property during the period of government custody, it presumably would have so stated or indicated.... The requirement that the seized property 'shall be returned forthwith to the claimant' cannot properly be interpreted as 'mandating compensation by the Federal Government for the damage sustained' by the claimant as a result of the seizure." *Id.* at 998–99; *see Golder v. United States,* 15 Cl.Ct. 513, 519 (Cl.Ct.1988) (no compensation for depreciation); *Jarboe–Lackey Feedlots, Inc. v. United States,* 7 Cl.Ct. 329, 336 (Cl.Ct. 1985) (same).[3]

The *Coupe De Ville* court rejected the holding of *United States v. One 1965 Chevrolet Impala Convertible,* 475 F.2d 882 (6th Cir.1973). In that case, the Sixth Circuit held that the government was liable for the depreciation of an automobile during the period of time when it was improperly seized. *Id.* at 886. The *Coupe De Ville* court noted that *Chevrolet Impala* had been decided prior to the Supreme Court's holding in *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983) that the Tucker Act does "not create any substantive right enforceable against the United States for money damages." The *Coupe De Ville* court stated, "To whatever extent the Sixth Circuit's decision rested upon the contrary view, its precedential value has been vitiated." *Coupe De Ville,* 833 F.2d at 999.

Mr. Silvers' claim for depreciation is even weaker than that presented in *Coupe De Ville.* First, the sale of the home was made at the express request of Mr. Silvers. Second, all of the money obtained from the sale went to his benefit, by satisfying the liens against the property. Third, there has never been a finding that the home was not properly subject to civil forfeiture. In fact, the sale order of May 6, 1988 explicitly stated that the court found "reasonable cause for seizure of the *in rem* defendant under 28 U.S.C. § 2465."

For all of the reasons stated above, the claim of Mr. Silvers for return of property will be denied. The home which he seeks was sold with his consent, and the funds obtained were put to his benefit. The court need not resolve whether the home depreciated in value during the period of time, because no claim can be maintained on the basis of such depreciation. The court will order that Mr. Silvers' claim be dismissed with prejudice.

---

3. This rule does not conflict with the cases cited in the court's earlier order to show cause, *Thompson v. Covington,* 47 F.3d 974, 975 (8th Cir.1995); *Mora v. United States,* 955 F.2d 156, 159 (2d Cir.1992); *United States v. Martinson,* 809 F.2d 1364, 1367–68 (9th Cir.1987), which establish that once the government is under a duty to return property, it cannot moot the case by destroying the property.