**UNITED STATES of America,**
**Plaintiff,**

**v.**

**ONE 48 FT. WHITE COLORED SAILBOAT NAMED "LIBERTINE", Bearing French Registry 15513–304, Defendant.**

**No. CIV. 97–2884(RLA).**

United States District Court,
D. Puerto Rico.

July 20, 1999.

---

Jose Javier Santos Mimoso, Asst. U.S. Atty., U.S. Attorney's Office, Hato Rey, PR, for Plaintiff.

Bruce J. McGiverin, Hato Rey, PR, for Defendant.

## ORDER IN THE MATTER OF CERTIFICATION OF PROBABLE CAUSE AND PETITION UNDER EAJA

ACOSTA, District Judge.

The Government instituted these forfeiture proceedings alleging violations to the U.S. immigration laws. The court dismissed the complaint based on a statutory interpretation of the pertinent forfeiture provision and returned the vessel to claimant ELLEN HEFFRON. Subsequent to the entry of judgment the Government requested a certification of probable cause and claimant petitioned payment of costs as well as attorney's fees and expenses. The Court having reviewed the memoranda submitted by the parties hereby rules as follows.

### Probable Cause

The Government has moved the Court to issue a certification of probable cause to institute the forfeiture action pursuant to 28 U.S.C. § 2465 which provides as follows:

> Upon the entry of judgment for the claimant in any proceeding to condemn or forfeit property seized under any Act of congress, such property shall be returned forthwith to the claimant or his agent; but if it appears that **there was probable cause for the seizure, the court shall cause a proper certificate thereof to be entered and claimant shall not, in such case, be entitled to costs** . . . .

(Emphasis ours).

█ It is the Government's burden to show that probable cause existed to commence the forfeiture proceeding. Thus, the proper inquiry is addressed to the existence of probable cause at the time the complaint was filed. *United States v. 255 Broadway*, 9 F.3d 1000, 1004 (1st Cir. 1993). In other words, that there be reasonable grounds to believe that the property was used in contravention to the pertinent statute. This burden is not a difficult one and will be determined on a case by case basis. *Id.*

[T]he threshold for stating a prima facie case is low. To make out a prima facie case, the government need only show probable cause to believe that the property was used in a way that offended the forfeiture statute.

*United States v. Plat 20, Lot 17*, 960 F.2d 200, 208 (1st Cir.1992).

█ The defendant sailboat named "LIBERTINE" was initially seized pursuant to a warrant issued by the U.S. Magistrate Judge. Subsequently, upon the filing of the complaint, the court issued the warrant of arrest of the defendant *res*. These actions were taken based on information obtained by the U.S. Immigration and Naturalization Service ("INS") during the course of its investigation.

According to the affidavit of INS Special Agent JOSE E. RIVERA, the initial investigation revealed that KEITH DESMOND JONES, a convicted fugitive from England, had entered this jurisdiction aboard the LIBERTINE utilizing a false passport. The declaration further indicated that there was evidence that at least another alien had also been transported to Puerto Rico in the sailboat by means of counterfeit documentation.

This action was instituted pursuant to 8 U.S.C. § 1324(b) which provides for the forfeiture of vessels utilized in contravention to the provisions of § 1324(a)(1)(A) which, in pertinent part read, as follows:

Any person who—

(i) knowing that a person is an alien, brings to or attempts to bring to the United States in any manner whatsoever such a person at a place other than a designated port of entry or place other than as designated by the Commissioner . . .

.    .    .    .    .

(iv) encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to entry or

residence is or will be in violation of law. . . .

Upon examination of the facts available at the time these proceedings were instituted we find that probable cause existed for the Government's intervention with the *res*. The INS officer had information of at least one additional passenger having been brought into Puerto Rico aboard the LIBERTINE without the necessary documentation. The fact that the complaint was eventually dismissed based on our interpretation of the statute does not mean that probable cause was lacking at the time the complaint was filed.

Accordingly, the Government's request for certification of probable cause is **GRANTED.**

### Equal Access to Justice Act

■ Claimant has also requested relief under the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d)2(A). This statute allows for the award of attorney's fees and expenses to a prevailing party in a claim against the Government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." It is the Government's burden to show that it had a reasonable basis in law and in fact to prosecute its claim and the fact that it lost does mean that the Government's position was untenable. *United States v. Plat 20, Lot 17*, 960 F.2d at 208.

■ Based on our examination of the applicable law and the facts in this case we find that the Government failed to meet its obligation to avoid liability under the EAJA. The Government had no legal justification to seek forfeiture under § 1324(a)(1)(A)(i) because this particular subsection seeks to penalize smuggling operations involving aliens and not to an individual entry.

Furthermore, we agree with claimant's argument that the clear wording of § 1324(a)(1)(A)(i) specifically limits its ap-plicability to vessels which come into the jurisdiction through a place other than a designated point of entry. It is undisputed from MR. JONES' passport that upon arrival in Puerto Rico he presented himself to the pertinent INS inspector at Fajardo, a designated point of entry within the meaning of the statute pursuant to 8 C.F.R. § 100.4(c)(2). Furthermore, the vessel manifest shown the INS authorities in Fajardo confirmed the entry of the second passenger.

The cases cited by the Government claiming violation of § 1324(a)(1)(A)(i) are inapposite since they antedate the 1986 amendment which included the specific wording requiring that the entry be "at a place other than a designated port of entry or place other than as designated by [INS]".

In the alternative, the Government attempted to justify the forfeiture under § 1324(a)(1)(A)(iv) arguing that the second passenger traveling on board the LIBERTINE utilized a counterfeit passport. However, this statement proved to be false as evidenced by the documentation provided by claimant. Contrary to the indication in the affidavit of the INS agent, the Government failed to pursue an investigation regarding the authenticity of the passenger's passport. Therefore, because the individual who arrived with MR. JONES had a valid passport, a fact which the Government totally disregarded, there was no basis in law or in fact to prosecute the forfeiture under § 1324(a)(1)(A)(iv) either.

Accordingly, we find that the Government failed to establish that its position in support of a forfeiture under either subsection (i) or (iv) of the statute was justified in law or in fact and claimant's request under EAJA is **GRANTED**

Based on the foregoing, ELLEN HEFFRON, as a prevailing claimant, is entitled to $24,824.00 [1] corresponding to the fees and expenses incurred by counsel in prosecuting her claim in this litigation.

---

**1.** The Government did not challenge any of the amounts requested by counsel either as fees or expenses.

### Return of Cost Bond

■ Claimant having prevailed in this action and absent any argument justifying otherwise by the Government, the $5,000.00 cost bond given as surety to INS[2] must be returned. *See United States v. Real Property and Residence Located at Route 1,* 920 F.2d 788 (11th Cir.1991).

### U.S.M.S. Storage and Maintenance

■ According to claimant, in order to obtain the release of the LIBERTINE she was forced to pay storage and maintenance fees in the amount of $10,877.18 to the U.S. Marshal Service which she did under protest. These expenditures constitute taxable costs pursuant to 28 U.S.C. § 1921(a)(1)(E).

The court having issued a certificate of probable cause under 28 U.S.C. § 2465, each party is responsible for its own costs. Inasmuch as the aforementioned expenses were incurred while the property was in custody of the United States and counsel for the Government having failed to justify why these should be borne by the owner, claimant's request for reimbursement of this amount is **GRANTED**.

### Claimant's Own Expenses

■ Claimant has also requested payment of $2,812.08 incurred by her in storing, fitting and conditioning the vessel after its release pursuant to 28 U.S.C. § 2465. Assuming that these expenditures constitute reimbursable costs under the aforementioned provision, *see United States v. $277,000 U.S. Currency,* 69 F.3d 1491 (9th Cir.1995) (successful claimant precluded from seeking damages upon return of property based on Government's immunity); *United States v. Silvers,* 932 F.Supp. 702 (D.Md.1996) *aff'd,* 106 F.3d

394 (4th Cir.1997) (unpublished table decision) (claimant not entitled to depreciation of property while subject to seizure), the petition is **DENIED** in view of the certificate of probable cause issued herein.

### Conclusion

The Motion for Certificate of Probable Cause filed by the Government (docket No. 29) is hereby **GRANTED**.[3]

It is further ORDERED that Claimant's Motion for Return of Cost Bond, Reimbursement of Storage and Maintenance Expenses and for Attorneys' Fees, (docket No. 25)[4] is **GRANTED** as follows and the United States is hereby ORDERED to:

a. Return the $5,000.00 cost bond to claimant;

b. Reimburse claimant $10,877.18 paid to the U.S. Marshal Service for storage and fees under protest; and

c. Pay claimant a total of $24,824.00 as attorneys' fees and expenses.

IT IS SO ORDERED.

---

**2.** The bond mechanism provided for in 19 U.S.C. § 1608—involving seizures by U.S. Customs—was made applicable to INS cases pursuant to 8 U.S.C. § 1324(b)(3).

**3.** Claimant's Motion for Extension of Time to Oppose... (docket No. 30) is **MOOT**.

**4.** *See* Opposition... (docket No. 28). Leave to file Claimant's Reply... tendered on January 15, 1999 is **GRANTED**.