**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE (1) 1973 FORD LTD, SERIAL**
**NO. 3J66S132017, its tools and**
**appurtenances, Defendant.**

**Civ. No. R–74–200 BRT.**

United States District Court,
D. Nevada.

March 18, 1976.

Lawrence J. Semenza, U. S. Atty., Reno, Nev., for plaintiff.

Stephen J. Peek, Reno, Nev., for defendant.

MEMORANDUM OPINION

BRUCE R. THOMPSON, District Judge.

The Ford vehicle was seized by Treasury Agents on October 7, 1973. Erg's, Inc. is the owner and claimant. The grounds for forfeiture are admitted. The only defense is unreasonable delay in institution of the forfeiture proceedings. This action was commenced on December 18, 1974, over fourteen months after the seizure. In the meantime, claimant had petitioned administratively for remission or mitigation of the forfeiture. There were numerous delays in the Treasury Department in processing the petition to its ultimate rejection and in reporting the seizure to the proper United States Attorney's Office.

One of the important circumstances to be noted in this case is that the claim-

ant's sole remedy, his only source of relief, was the petition to the Secretary of the Treasury for remission or mitigation of the forfeiture. The only tenable issue in this legal action for forfeiture is whether the vehicle was in fact used in the unlawful transportation of contraband. *United States v. One 1961 Cadillac*, 337 F.2d 730 (6th Cir. 1964).

■ Unquestionably, due process requires reasonably prompt institution and prosecution of the forfeiture action. *United States v. Thirty-Seven Photographs*, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971); *Sarkisian v. United States*, 472 F.2d 468 (10th Cir. 1973); *United States v. A Quantity of Gold Jewelry*, 379 F.Supp. 283 (C.D.Cal.1974); *United States v. One 1971 Opel G.T.*, 360 F.Supp. 638 (C.D.Cal.1973); *Boston v. Stephens*, 395 F.Supp. 1000 (S.D.Ohio 1975); *Ivers v. United States* (unreported). While a variety of reasons have been given for the results reached in the cited cases, one obvious conclusion is that whether or not a claimant's due process rights have been infringed depends upon the circumstances of the particular case. In *Thirty-Seven Photographs, supra,* there was a viable issue of fact regarding whether the photographs were forfeitable as obscene. In *Boston, supra,* there was a viable issue of fact with respect to whether false statements had been made by the importer to customs officials. In *Sarkisian, supra,* there was a viable issue of fact regarding whether the imported goods were in fact properly invoiced and classified as antiques, and the owner brought the first action for recovery of the seized articles. In *One 1971 Opel G.T., supra,* the owner had filed a claimant's bond pursuant to 19 U.S.C. § 1608. The statute, by its terms, required prompt transmittal to the United States Attorney when a bond was filed. Also, in *A Quantity of Gold Jewelry, supra,* the basis of the forfeiture was contested, the owner filed the first action and the owner made two efforts to post bond for release of the jewelry.

The instant case is entirely different and is much more similar to *Ivers v.* *United States, supra.* In *Ivers,* the claimant had pleaded guilty in a collateral criminal action based on the false declaration which resulted in the forfeiture. His administrative petitions to avoid or mitigate forfeiture had delayed referral of the case to the United States Attorney. In our case, there were also such administrative petitions. The case was referred to the United States Attorney with reasonable promptness after their conclusion. The claimant took no affirmative action to recover the property and posted no bond to trigger prompt action. Claimant recognized that an appeal to the discretion of the Secretary was his sole avenue of relief. Claimant had no basis to contest the forfeitability of the vehicle as an issue of fact. When the battle with the Secretary was lost, the war was lost.

After this action was filed on December 18, 1974, some fifteen months ago, no one pressed upon this Court the need for prompt disposition, which is itself part of the due process package. See *Thirty-Seven Photographs, supra.* The case was first called to the Court's attention when it was routinely set for pretrial conference on December 12, 1975. The pre-trial order admits forfeitability and asserts the due process violation as the only issue to be determined. The claimant obviously was not concerned about delay except to assert it and it alone as a defense to forfeiture. In this context, the longer the delay the better; the longer the claimant can sit idly by while the bureaucratic processes wend their weary way, the stronger his case.

■ The effect of sustaining a due process defense for unconscionable delay is to obviate determination of the issue of the forfeitability of the property. Our review of the published precedent persuades us that there are two situations in which a claim for recovery of the seized property may appropriately be predicated on delay in institution and prosecution of the forfeiture action, (1) where there is a genuine factual dispute respecting the forfeitability of the property, and (2) where the claimant has

himself taken the initiative by filing an action or by posting a bond under 19 U.S.C. § 1608, which triggers prompt action. These are the factors which have been relied upon in the cited cases and in most of them, both factors were present. In such cases, it is easy to discern a due process deprivation of the use and enjoyment by claimant of his property.

Speed for the sake of speed alone is not an essential of due process, nor is delay which does not in any way deprive a claimant of the right to the use and enjoyment of his property a violation of due process. The Supreme Court, in *United States v. Thirty-Seven Photographs*, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971), had the following to say:

"Accordingly, we construe § 1305(a) to require intervals of no more than 14 days from seizure of the goods to the institution of judicial proceedings for their forfeiture and no longer than 60 days from the filing of the action to final decision in the district court. No seizure or forfeiture will be invalidated for delay, however, where the claimant is responsible for extending either administrative action or judicial determination beyond the allowable time limits or where administrative or judicial proceedings are postponed pending the consideration of constitutional issues appropriate only for a three-judge court.

"Of course, we do not now decide that these are the only constitutionally permissible time limits. We note, furthermore, that constitutionally permissible limits may vary in different contexts; in other contexts, such as a claim by a state censor that a movie is obscene, the Constitution may impose different requirements with respect to the time between the making of the claim and the institution of judicial proceedings or between their commencement and completion than in the context of a claim of obscenity made by customs officials at the border. We decide none of these questions today."

Where delay has not in any respect prejudiced the arguable rights of the claimant, it cannot be relied upon as a defense. In *One 1971 Opel G.T., supra,* the Court correctly observed that a vehicle is a wasting asset. In the present case, however, the Government alone has suffered loss by depreciation of the vehicle. The propriety of the forfeiture at the time of the seizure is admitted. Accordingly,

IT HEREBY IS ORDERED that a judgment shall be entered forfeiting and condemning the 1973 Ford LTD, Serial No. 3J66S132017, its tools and appurtenances, to the use of the United States of America.