**Ruth E. WINTERS**

v.

**Donavon F. WORKING et al.**

**No. DR–78–CA–10.**

United States District Court,
W. D. Texas,
Del Rio Division.

Aug. 28, 1980.

Arturo C. Gonzalez, Del Rio, Tex., for plaintiff.

Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SUTTLE, Senior District Judge.

Cecil Albert Winters commenced this action under the Tucker Act, 28 U.S.C. § 1346(a)(2), on April 13, 1978. He sought to recover the value of a pickup truck that had been seized by Customs officials under 22 U.S.C. § 401 and summarily forfeited in administrative proceedings pursuant to 19 U.S.C. §§ 1604–1609. On May 18, 1978, Mr. Winters died. Thereafter, Ruth E. Winters, his widow and sole heir, was substituted as plaintiff. Mrs. Winters contends that her husband was not given notice of the administrative forfeiture and that, consequently, he was not afforded the opportunity to post a bond under 19 U.S.C. § 1608 and require the forfeiture to be filed as an action in district court rather than being handled administratively.

On August 13, 1980, a trial was held before the court. The only live witness was Mrs. Winters. All other evidence that was submitted was either documentary or by way of stipulated facts. Although officers of the Customs Service were present and available to testify as to facts surrounding the seizure and forfeiture, neither side elected to call any of these officers as live witnesses. From the evidence presented and the stipulations entered into by the parties, the court enters the following findings of fact and conclusions of law. Any conclusion of law deemed to be a finding of fact is adopted as such. Conversely, any finding of fact deemed to be a conclusion of law is adopted as such.

## FINDINGS OF FACT

1. On October 26, 1976, Customs officers seized a 1973 Toyota pickup truck, Texas license number DK4656, serial number RN 22032290, from Cecil Albert Winters at Del Rio, Texas. The vehicle was seized under 22 U.S.C. § 401, and Mr. Winters was the registered owner of the vehicle. The vehicle has a value of $2,475.00.

2. On October 27, 1976, Customs mailed a written receipt for the vehicle to Mr. Winters. In addition, the letter notified Winters that he had a period of 60 days from the date of seizure for filing a petition for remission or mitigation. The letter further informed Winters that "[i]f a petition is not filed within such period, forfeiture proceedings will be instituted against the seized property and it will be disposed of according to law...." Plaintiff's Exhibit # 1.

3. Also on October 27, 1976, a complaint was filed against Mr. Winters in U. S. Magistrate's court in Del Rio. The complaint charged Mr. Winters with violations of 22 U.S.C. § 2778, 18 U.S.C. § 371, and 22 U.S.C. § 401. It charged him with conspiring to violate—and actually violating—the neutrality laws of the United States by means of securing a quantity of machine guns and other munitions for an intended sale to a Mexican citizen for illegal export from the United States to the Republic of Mexico. Plaintiff's Exhibit # 3.

4. On November 8, 1976, Mr. Winters mailed a petition for the return of his pickup truck to the District Director of Customs at Laredo, Texas. In the petition Mr. Winters wrote as follows:

> I hereby petition for the return of One Toyota pickup truck, 1973 Model HILUX, UIN # RN 22032290. I content [sic] that there was no violation of the law, that there was no intent on my part to export guns, or pistols, that my truck was simply parked and the motor was not running at the time. I have never been charged with a federal offense either in state or federal court; that I am a retired Civil Service employee, living at Vega Verde Estates in Del Rio, Texas, and that I have done absolutely nothing that would entitle the United States to seize my vehicle, which I direly need to make errands from Vega Verde Estates in and to the City of Del Rio, Texas and return to my home where I live in said Vega Verde.
>
> The seizure [sic] of my vehicle has caused me a great deal of expense and inconvenience, and I further allege that there has been no violation of the law on my part.

Plaintiff's Exhibit # 4.

5. On December 16, 1976, the District Director of Customs mailed a written notice of seizure to Mr. Winters. The notice informed Mr. Winters that he had a right to file a petition for the release of the vehicle under 19 U.S.C. § 1618. The letter read in part as follows:

If a petition is not filed within 60 days from date of notification, forfeiture proceedings will be instituted against the vehicle and same will be disposed of according to law.

Plaintiff's Exhibit # 5.

6. On January 13, 1977, the District Director of Customs mailed a letter to Winters notifying him that his petition was being denied. The letter read in part as follows:

In view of the facts involved, we are unable to find the existence of any circumstance which would justify the granting of relief under the authority conferred in section 171.21 of the Customs Regulations. The petition is, therefore, denied.

Summary forfeiture proceedings will be instituted against the vehicle pursuant to sections 1607–1609, title 19, United States Code, and the vehicle will be disposed of according to law.

Plaintiff's Exhibit # 6.

7. On April 5, 12, and 19, 1977, pursuant to 19 U.S.C. § 1607 and 19 C.F.R. 162.45, the Customs Service published notice of its intent to have the vehicle forfeited in the Commercial Recorder, a newspaper in San Antonio, Texas. These notices read in part as follows:

... Any person desiring to claim the above property must appear and file with the undersigned a claim to such property and a bond in the sum of $250.00 on or before April 25, 1977, in default of which the said property will be declared forfeited to the United States of America and will be disposed of according to law...

Plaintiff's Exhibit # 11.

8. No notice of any of these publications was ever mailed directly to Mr. Winters.

Consequently, Mr. Winters had no actual notice of the date by which he had to file a $250.00 bond or have his vehicle administratively forfeited.

9. Mr. Winters' vehicle was declared forfeited to the government on April 26, 1977.

10. On November 18, 1977, Mr. Arturo Gonzalez, an attorney, mailed a letter to the District Director of Customs on behalf of Mr. Winters. The letter inquired as to what action had been taken with respect to the forfeiture of the seized vehicle. Plaintiff's Exhibit # 7.

11. On November 30, 1977, Customs replied to Mr. Gonzalez' letter in part as follows:

Please be advised that by letter dated January 13, 1977, copy enclosed, Mr. Cecil Albert Winters was advised that his petition was being denied.

In view of the foregoing, summary forfeiture proceedings were instituted against the vehicle, and the vehicle has been disposed of in accordance with law.

Plaintiff's Exhibit # 8.

12. On December 7, 1977, Mr. Gonzalez wrote the District Director of Customs inquiring whether notice of publication had been made in accordance with 19 U.S.C. § 1607. The letter read in part as follows:

... Title 19, U.S.C. Section 1607 provides, where the value of the vehicle is less than $2,500.00 dollars, Customs shall cause a notice of seizure and intention to forfeit such vehicle to be published for at least three (3) consecutive weeks in a newspaper in such a manner as the Secretary of Treasurer may direct. I am assuming the notice was to have been published in the Newspaper in Val Verde County, Texas but we never did see any Notice published in the Del Rio News Herald. If the Notices were published, I wonder if you would be kind enough to send me copies of the published Notices and dates published.

Plaintiff's Exhibit # 9.

13. On December 16, 1977, the criminal charges against Mr. Winters were dismissed by the United States Magistrate. The rea-

sons given by the government for the dismissal were lack of substantial evidence and problems with an informer. Plaintiff's Exhibit # 10.

14. On December 28, 1977, the Director replied to Mr. Gonzalez' letter of December 7, 1977. The reply set out the dates that the notice of forfeiture had been published in the Commercial Recorder and recited that the vehicle had been declared forfeited on April 26, 1977. Plaintiff's Exhibit # 11.

15. Mr. Winters died on May 18, 1978.

16. Reasonable attorney's fees for the plaintiff for bringing this action in the trial court amount to $400.00.

## CONCLUSIONS OF LAW

1. Jurisdiction is proper in this court under the Tucker Act, 28 U.S.C. § 1346(a)(2). *United States v. One 1961 Red Chevrolet Impala Sedan,* 457 F.2d 1353 (5th Cir. 1972); *Menkarell v. Bureau of Narcotics,* 463 F.2d 88 (3d Cir. 1972); *Jaekel v. United States,* 304 F.Supp. 993 (S.D.N.Y. 1969).

2. Due process requires that notice of an action be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Notice by publication is not sufficient with respect to an individual whose name and address are known. Thus, the failure to mail Mr. Winters notice of the administrative forfeiture hearing was a violation of due process despite the fact that publication of the notice was made in accordance with 19 U.S.C. § 1607 and 19 C.F.R. § 162.45. *Robinson v. Hanrahan,* 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972); *Menkarell v. Bureau of Narcotics, supra; Wiren v. Eide,* 542 F.2d 757, 762 (9th Cir. 1976); *Jaekel v. United States, supra.*

3. The fact that Mr. Winters filed a petition for remission under 19 U.S.C. § 1618 was not a substitute for his being given notice of the actual forfeiture proceeding. The remission route affords no opportunity for a hearing and is a matter of administrative grace. *Menkarell v. Bureau of Narcotics, supra,* 463 F.2d at 93.

4. The notice to Mr. Winters of the forfeiture proceeding was not sufficient, and the forfeiture proceeding was void, as it deprived him of his property without due process of law required by the Fifth Amendment. *Jaekel v. United States, supra,* 304 F.Supp. at 998–99.

5. Assuming *arguendo* that the plaintiff has the burden of also establishing that the forfeited vehicle was not used in violation of 22 U.S.C. § 401, she has sustained her burden by introducing into evidence the unrebutted statements of her husband in Plaintiff's Exhibit # 4.

6. Although attorney's fees are recoverable under the Federal Tort Claims Act (*see* 28 U.S.C. § 2678), the court can find no authority for the award of attorney's fees under the Tucker Act. Unless the plaintiff makes a motion for reconsideration (supported by brief) showing the court otherwise, the court will not award any attorney's fees to the plaintiff. *Gibson v. Davis,* 587 F.2d 280 (6th Cir. 1978), *cert. denied,* 441 U.S. 905, 99 S.Ct. 1993, 60 L.Ed.2d 374 (1979).

7. Accordingly, the court will enter judgment in favor of the plaintiff for the value of the forfeited vehicle—$2,475.00.