**UNITED STATES of America, Appellant,**

v.

**VARIOUS PIECES OF SEMICONDUCTOR MANUFACTURING EQUIPMENT, Appellee.**

No. 80–1727.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1981.

Decided May 22, 1981.

Ronald S. Reed, Jr., U. S. Atty., Western District of Missouri, E. Eugene Harrison, Asst. U. S. Atty., Kansas City, Mo., James N. De Stefano, United States Customs Service, Chicago, Ill., for appellant.

David J. Cannon, Gregory G. Johnson, Michael, Best & Friedrich, Milwaukee, Wis., Joseph M. David, Jr., Stinson, Mag & Fizzell, Kansas City, Mo., for appellee.

Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.

PER CURIAM.

The United States appeals from an order of the district court granting summary judgment for I. I. Industries, the sole claimant to twenty-eight pieces of semiconductor manufacturing equipment that was seized during an unlawful attempt to export it to the Soviet Union. Summary judgment was based on the district court's conclusion that the thirty-seven month delay between the seizure of the equipment and the institution of forfeiture proceedings constituted a due process violation that barred the forfeiture action. We reverse the judgment of the district court and order the entry of summary judgment for the government.

The sequence of events during the thirty-seven month period in question may be stated briefly. The equipment was seized by agents of the United States Customs Service on December 17, 1975, and January 7, 1976, for violation of 22 U.S.C. § 401.[1] I.

---

1.  22 U.S.C. § 401 states:

(a) Whenever an attempt is made to export ... any arms or munitions of war or other

articles in violation of law, ... the Secretary of the Treasury, or any person duly authorized for the purpose by the President, may

I. Industries and others were indicted for conspiracy to violate export control laws on May 1, 1976.[2]

On August 13, 1976 the Customs Service issued a Notice of Seizure, which advised all potential claimants of their right to submit an administrative petition for relief from the intended forfeiture. I. I. Industries submitted its petition for relief on October 9, 1976.

On April 6, 1977 counsel for I. I. Industries contacted the Customs Service to advise that the company was awaiting a response on its administrative petition. After the Customs Service began processing the petition on May 23, 1977, I. I. Industries again inquired about its status on June 17, 1977. Counsel appeared before the Customs Service on June 24, and following an oral presentation, advised that the petition would be supplemented in writing. This supplement was submitted to the Customs Service on July 25, 1977.

After winding its way through the appropriate administrative channels, the petition was denied on April 13, 1978. On May 23, 1978 I. I. Industries filed a supplemental petition, which was also denied on December 8, 1978.

The Customs Service referred the seizure to the United States Attorney for the Western District of Missouri on December 18, 1978, for the commencement of forfeiture proceedings. The complaint for forfeiture was filed on February 2, 1978, thirty-seven months after the last seizure of equipment.

On appeal the government argues that I. I. Industries could not assert a due process defense to the forfeiture of semiconductor manufacturing equipment because it admitted all the facts necessary to justify the seizure of the equipment and no factual or legal dispute concerning the government's right to forfeiture existed. In advancing this argument, the government notes that

the parties' "Stipulation of Uncontroverted Facts and Legal Premises" states:

> At no time during the administrative process, did claimant produce any factual or legal material which tended to show that a violation of Title 22, United States Code, Section 401, did not occur and at no time did claimant seriously dispute the forfeitability of defendant merchandise on the merits of the forfeiture claim.

> \*   \*   \*   \*   \*   \*

> The forfeitability of defendant merchandise for violation of Title 22, United States Code, Section 401 is admitted.

We conclude that the mere lapse of time between seizure of the semiconductor manufacturing equipment and commencement of the instant forfeiture action did not prejudicially violate appellee's due process rights. See *United States v. Thirty-Six Thousand One Hundred and Twenty-Five Dollars ($36,125.00) in U. S. Currency*, 510 F.Supp. 303 (E.D.La.1980), aff'd, 642 F.2d 1211 (5th Cir. 1981) (per curiam); *United States v. One (1) 1973 Ford LTD*, 409 F.Supp. 741 (D.Nev.1976). By admitting that the equipment was forfeitable for violation of 22 U.S.C. § 401, I. I. Industries waived any defense it might have had to the merits of the government's claim for forfeiture. Thus, appellee could not demonstrate that the delay, without more, prejudiced its interests in the equipment. Because appellee's admission concerning the forfeitability of the equipment precludes a showing of demonstrable injury in this case, we hold that in present circumstances the delay could not serve as a defense to the forfeiture action by the government.

Accordingly, we reverse the judgment of the district court and remand for entry of summary judgment in favor of the government.

---

seize and detain such arms or munitions of war or other articles and may seize and detain any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or attempting to export such arms or munitions of war or other articles.

All arms or munitions of war and other articles, vessels, vehicles, and aircraft seized pursuant to this subsection shall be forfeited.

2. I. I. Industries was convicted of this offense on February 2, 1977.