UNITED STATES of America, Plaintiff,

v.

ONE 1970 FORD PICK–UP TRUCK, SERIAL NO. F10GCH17034, Defendant,

Thomas Cowoski, Party In Interest.

Civ. A. No. C81–1665.

United States District Court,
N. D. Ohio, E. D.

Dec. 15, 1981.

Dale F. Kainski, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

Paul Mancino, Jr., Cleveland, Ohio, for party in interest.

## MEMORANDUM OPINION AND ORDER

CONTIE, District Judge.

The United States initiated this action for the forfeiture of a vehicle pursuant to 19 U.S.C. § 1595a.

At trial on the matter, the claimant introduced no testimony and objected to none of the government's testimony. The government introduced testimony to the following effect: The claimant had pled guilty to violation of 18 U.S.C. § 659, possession of property stolen from a foreign shipment of freight. The stolen property consisted of 2258 pounds of tungsten valued at $8000, which was being shipped from a mining company in Canada to General Electric Company in Euclid, Ohio. The tungsten was stolen by someone breaking into sealed boxes in a bonded and sealed railroad car in the Cleveland yard of the Norfolk and Western Railroad. The pilfered tungsten was transported in the defendant pick-up truck to a scrap yard, where the claimant attempted to sell it and where he was arrested.

In an action for the forfeiture of a vehicle seized under 19 U.S.C. § 1595a, the claimant has the burden of proof, provided that the government first show probable cause for the initiation of such an action. 19 U.S.C. § 1615. *General Motors Acceptance Corp. v. United States*, 63 F.2d 209 (6th Cir. 1933).

Although he does not dispute the government's evidence, the claimant contends that the forfeiture statute is inapplicable. Title 19 U.S.C. § 1595a reads in pertinent part:

(a) ... every ... vehicle ... used in, to aid in, or to facilitate ... the importation, bringing in, unlading, landing, removal, concealing, harboring, or subsequent transportation of any article which

is being or has been introduced, or attempted to be introduced, into the United States contrary to law . . . shall be seized and forfeited. . . .

The claimant pled guilty to possession of property stolen from foreign commerce. He argues that possession does not imply importation. The statute, however, permits forfeiture of a vehicle used in the *harboring* and in the *subsequent transportation* of unlawfully imported goods. For the statute to apply, the vehicle did not have to be used in the actual act of unlawful introduction.

The forfeiture statute allows for seizure of a vehicle transporting "any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law." Regarding this clause, claimant argues, first, that a plea of guilty to possession of property stolen from foreign commerce does not necessarily imply that the property was illegally imported. In this he is correct. The government therefore had the burden of showing that there existed probable cause to believe the goods were introduced into the United States contrary to law. This the government did, with evidence that the tungsten had been shipped from Canada in sealed and bonded containers, that the containers were broken into, that the tungsten recovered from the defendant truck was chemically identical to that in the railroad shipment, and that at the time of the break-in the shipment had not yet been inspected by United States Customs as required by law.

■ Claimant argues, second, that the tungsten was not introduced into the country contrary to law, for it had already been lawfully introduced into the country before it was stolen from the railroad yard. With this contention the Court does not agree.

The tungsten was lawfully in the railroad yard. In its bonded and sealed containers, however, it was in the custody of customs. Although it was physically in the United States, the process of importation was not completed, for the goods had not yet been inspected by customs and permitted to enter the stream of commerce. At trial, a United States Customs official testified that, although the customs laws authorize inspection at the place of delivery rather than the point of entry, Customs does not recognize that goods are in the United States until they are inspected.

One of the government's chief interests in overseeing the importation of goods is to insure that duty is paid. The effect on the United States of the theft of the tungsten from a bonded container in a Cleveland railroad yard was to prevent Customs from collecting duty on the goods. This effect was no different from what it would have been had the tungsten been stolen in Canada and smuggled into the United States.

The Court therefore finds that, for purposes of the forfeiture statute, the tungsten lying in the bonded container in the railroad yard had not yet been introduced into the United States, and that the theft of the tungsten constituted its introduction, contrary to law, into the country. Consequently, the Court finds that probable cause existed to initiate the forfeiture action and that claimant has not met his burden of proof.

■ Claimant states in his post trial brief that the length of time between seizure of the pick-up truck and the filing of the complaint for forfeiture amounts to a violation of due process and necessitates the return of the vehicle. The Court finds no merit in this contention. First, in his plea of guilty and in his admissions through his attorney at trial, the claimant has admitted all facts necessary to justify forfeiture of the pick-up. Under such circumstances he cannot have been prejudiced by the delay, and return of the truck is not warranted. *United States v. Various Pieces of Semi Conductor Manufacturing Equipment*, 649 F.2d 606 (8th Cir. 1981); *United States v. 36,125.00 in U. S. Currency*, 510 F.Supp. 303 (E.D.La. 1980). Second, the claimant did not raise his due process objections at trial, where evidence relating to the necessity of any delay as well as allegations of prejudice resulting from such delay could have been presented and evaluated. Third, the Court finds that the period of six and a half

months between the last administrative ruling and the filing of the instant action was not excessive.

Accordingly, the Court finds that the United States is entitled to judgment pursuant to 19 U.S.C. 1595a, and hereby orders that the defendant, One 1970 Ford Pick-Up Truck, serial number F10GCH17034, be forfeited and disposed of in accordance with existing laws. Further, the Court hereby orders that upon forfeiture the defendant pick-up truck be placed in the custody of the District Director of Customs, Cleveland, Ohio, for disposition in accordance with law.

IT IS SO ORDERED.