**Richard CEPULONIS, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 79 CV 1216.**

United States District Court,
E. D. New York.

July 28, 1982.

Richard Cepulonis, plaintiff pro se.

Edward R. Korman, U. S. Atty., E.D.N.Y. by Robert L. Begleiter, Asst. U. S. Atty., Brooklyn, New York, for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, Richard Cepulonis, filed this *pro se* action under 28 U.S.C. § 1346(a)(2),[1] alleging a seizure and forfeiture of his auto-

rality ... and are not the sort of accusations that require a hearing").

1. In pertinent part, 28 U.S.C. § 1346(a)(2) provides federal district courts with jurisdiction over civil actions against the United States "founded ... upon the Constitution."

mobile in violation of the due process clause of the Fifth Amendment. He seeks declaratory relief and money damages in the amount of the appraised value of the vehicle.[2] By Order dated May 29, 1979, plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). The action is now before the Court on motions by both parties for summary judgment pursuant to Rule 56, F.R.Civ.P. The facts are undisputed, leaving the issues of law ripe for resolution without trial.

On September 15, 1973, Cepulonis was arrested by Federal Bureau of Investigation (FBI) special agents in New York City for flight to avoid prosecution. 18 U.S.C. § 1073. At the time, plaintiff was a fugitive from a Massachusetts State Prison where he had been serving a ten to twenty year sentence for armed bank robbery. In his possession, plaintiff had a bill of sale and keys for the vehicle in question, which was owned by plaintiff but registered in the name of his alias, Thomas Henry Wilkinson of 15060 Sprague Road, Middleburg Heights, Ohio. The next day FBI agents found the vehicle in a parking lot at La Guardia Airport and discovered one automatic and one lever action rifle in the trunk of the car. Plaintiff, already in custody as a fugitive, was arrested for violation of the Gun Control Act of 1968, 26 U.S.C. § 5801 *et seq.*; 18 U.S.C. §§ 921–928. Subsequent to his indictment, plaintiff stipulated on the record that the firearms were seized from the vehicle in question and that the automatic rifle was not registered to plaintiff as required by 26 U.S.C. § 5861(d).

On October 26, 1973, Cepulonis was tried before Judge Weinstein without a jury and was found guilty of the charge contained in Count I of the indictment, *viz.*, "knowingly and unlawfully possess[ing] a firearm . . . which firearm was not registered to him in the National Firearm Registration and Transfer Record as required by [26 U.S.C. § 5861(d) ]." Tr. at 67–69. At trial Judge Weinstein ruled that the search and seizure of the vehicle were constitutionally valid and denied Cepulonis' motion to suppress. *Id.* Plaintiff was sentenced to five years imprisonment on February 1, 1974, and on appeal, the conviction was affirmed without opinion. *United States v. Cepulonis*, No. 74–1155 (2d Cir. May 24, 1974). On June 13, 1974, plaintiff moved under 28 U.S.C. § 2255 to vacate his conviction and set aside the judgment, and Judge Weinstein dismissed the petition by Memorandum and Order dated September 9, 1974. In 1978, plaintiff renewed his § 2255 petition, adding additional constitutional grounds for relief. In *Cepulonis v. United States*, 490 F.Supp. 381 (E.D.N.Y.1980), this Court denied the motion in all respects.

Forfeiture of the vehicle was performed by the Bureau of Alcohol, Tobacco and Firearms (ATF) pursuant to 49 U.S.C. §§ 781–789. The ATF took custody of the vehicle from the FBI on January 31, 1974 and instituted administrative forfeiture proceedings under 19 U.S.C. §§ 1605–1609.[3] Notice of the forfeiture was published three times in the New York Law Journal from April 3 to April 17, 1974. The ATF also mailed notice of the forfeiture and of plaintiff's rights to the Ohio address listed on the vehicle registration, but the envelope was returned unopened to the ATF stamped "Addressee Unknown" by the Postal Service. Apparently, no one at the Ohio address identified the addressee, Cepulonis, with the alias, Wilkinson, under which plaintiff was living in Ohio. At the time the notice was mailed, plaintiff was incarcerated in the Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to an order by United States Magistrate Willie J. Davis dated February 27, 1974.

---

2. The Bureau of Alcohol, Tobacco and Firearms appraised plaintiff's forfeited vehicle at a value of $1,025.00. Muzii Affidavit ¶ 3C. The vehicle was not auctioned, but rather was acquired for official use by the Federal Bureau of Investigation. *Id.* at ¶ 3J.

3. 49 U.S.C. § 784 provides in part that the law relating to seizure and forfeiture of vehicles for customs violations shall apply to seizures and forfeitures of vehicles used for transportation, concealment or possession of contraband articles. 19 U.S.C. §§ 1605–1609 establish the administrative procedure for customs seizures and forfeitures.

The vehicle was forfeited, unopposed, on April 24, 1974 for the official use of the FBI. Its appraised value at the time was $1,025.00. See note 2.

The Government concedes, as it must, that the holding in *Robinson v. Hanrahan*, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972) (*per curiam*), is controlling. There, in nearly identical circumstances, the Supreme Court held that the State of Illinois violated the due process clause of the Fourteenth Amendment when it mailed notice of pending forfeiture proceedings to a prisoner's home address rather than to the correctional facility in which he was incarcerated. Relying on the "fundamental requirement of due process" that notice be "reasonably calculated, under all the circumstances, to apprise interested parties" of pending actions and "afford them an opportunity to present their objections," *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the Court held that the State failed to fulfill its constitutional responsibility:

> "In the instant case, the State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to provide notice which was 'reasonably calculated' to apprise appellant of the pendency of the forfeiture proceedings." 409 U.S. at 40, 93 S.Ct. at 31.

Nevertheless, the Government seeks to persuade the Court that not every violation of due process requires avoidance of the infected proceeding. Rather, where a forfeiture claimant is "not prejudiced" by a "technical violation" of due process, Brief at 6, because his previous admissions and convictions precluded him from challenging the merits of the forfeiture, the Government contends that dismissal of the constitutional claim is appropriate.

The Government's argument fails for fallacious reasoning and inapposite authority. First, under the doctrine of *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978), "the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions." In view of the Supreme Court's holding in *Carey* that a violation of procedural due process is actionable for nominal damages notwithstanding the absence of actual injury, the Government's assertions that Cepulonis could present no reasonable objections to the forfeiture become immaterial to the legitimacy of plaintiff's present claim. Where plaintiff was in federal custody at all times subsequent to seizure of the vehicle, forfeiture after notice by publication and mail to his home address deprived plaintiff of property without due process of law. *Winters v. Working*, 510 F.Supp. 14 (W.D.Tex.1980); *Jaekel v. United States*, 304 F.Supp. 993 (S.D.N.Y.1969). Cf. *United States v. One 1971 BMW 4–Door Sedan*, 652 F.2d 817 (9th Cir. 1981) (notice of administrative forfeiture proceeding sent to prisoner's home address held constitutional where he was personally served with notice of subsequent judicial forfeiture and was afforded opportunity to contest prior to finality of forfeiture).

Second, the cases cited by the Government in support of its "technical violation" theory, *United States v. Various Pieces of Semiconductor Mfg. Equip.*, 649 F.2d 606 (8th Cir. 1981) (*per curiam*) ("*Semiconductor*"); *United States v. Thirty-Six Thousand, One Hundred and Twenty-Five Dollars*, 510 F.Supp. 303 (E.D.La.1980), aff'd mem., 642 F.2d 1211 (5th Cir. 1981) ("*$36,-125*"); *United States v. One 1973 Ford LTD*, 409 F.Supp. 741 (D.Nev.1976) ("*1973 Ford*"), are entirely inapposite. These cases involve not lack of notice but claims of unreasonable delay in the institution of forfeiture proceedings. It need hardly be said that utter exclusion more seriously deprives a claimant of due process than mere postponement. Moreover, the issue presented by a claim of delay differs radically from the mode of analysis in notice cases. Delay can constitute denial of due process only when unreasonable and prejudicial; where-

as lack of notice fundamentally infects the proceeding by virtue of the claimant's absence of opportunity to object.

Of equal significance, the courts in *Semiconductor, $36,125* and *1973 Ford, supra*, did not hold, as we must here, that the Government's conduct violated the principles of due process. Thus, the question of how to remedy a purported "technical violation" was not even present. Rather, the courts in each case held that the claimed delay was either justified or non-prejudicial and hence constitutional. See *Semiconductor*, 649 F.2d at 607; *$36,125*, 510 F.Supp. at 307; *1973 Ford*, 409 F.Supp. at 743. It is not without import that the Government fails to cite a single case involving lack of notice in which prejudice was considered a prerequisite to constitutional injury.

Yet sustaining plaintiff's constitutional claim does not vitiate the Government's position. Plaintiff's prior admissions and convictions remain a barrier to proof of actual damages. Upon receiving proper notice, plaintiff could have filed a claim and cost bond to obtain judicial determination of the propriety of forfeiture. But his conviction on October 26, 1973 of having violated 26 U.S.C. § 5861(d) by knowingly and unlawfully possessing an automatic rifle, in conjunction with his judicial admission that the firearm in evidence was seized from the automobile presently at issue, incontrovertibly establishes that the Government had probable cause to seize the vehicle and institute the forfeiture proceeding, 49 U.S.C. § 784; 19 U.S.C. § 1615, and that the vehicle was properly forfeited pursuant to 49 U.S.C. §§ 781(b)(2) and 782. Therefore, on the undisputed facts, the denial of procedural due process caused plaintiff no injury.

Accordingly, plaintiff's motion for summary judgment is granted and defendant's motion is denied. Because the Government failed to provide notice reasonably calculated to apprise plaintiff of the forfeiture proceeding, it is hereby declared unconstitutional and void. Having failed to establish actual injury resulting from the denial of procedural due process, plaintiff is hereby awarded nominal damages in the amount of one dollar.

SO ORDERED.